IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JOSE MAIKEL CALDERON SANCHEZ, | § § § | |
| *Petitioner*, | § § § | |
| v. | § § § | CIVIL ACTION NO. 9:26-CV-00187 |
| KRISTI NOEM, in her Official Capacity as Secretary of Homeland Security; PAMELA BONDI, in her Official Capacity as United States Attorney General; BRET BRADFORD, in his official capacity as Field Office Director of ICE Enforcement and Removal Operations Houston Field Office; and WARDEN, IAH SECURE ADULT DETENTION FACILITY | § § § § § § § § § § § | JUDGE MICHAEL J. TRUNCALE |
| *Respondents*. | § § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Jose Maikel Calderon Sanchez (Calderon Sanchez)'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Jose Maikel Calderon Sanchez is a Cuban national who entered the United States in 2023. [Dkt. 1 at ¶ 9]. On July 31, 2025, United States Immigration and Customs Enforcement (ICE) detained Calderon Sanchez. *Id.* at ¶ 10.

On March 8, 2026, Calderon Sanchez brought a habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution, the Administrative Procedure Act (APA), federal regulations, and the Suspension Clause. [Dkt. 1].

### II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the

1

Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

### A. Due Process

Calderon Sanchez argues that the Government violated procedural due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if Calderon Sanchez were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Calderon Sanchez's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Calderon Sanchez's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Calderon Sanchez's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Calderon Sanchez's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing,

---

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Calderon Sanchez's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Calderon Sanchez's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Calderon Sanchez to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

### B. APA

Calderon Sanchez argues that the Government violated the APA by failing to consider mitigating factors. [Dkt. 1]. The Court lacks jurisdiction to decide the merits of Calderon Sanchez's APA claim, since it is "unrelated to the cause of [his] detention." *See Pierre*, 525 F.2d at 935–36. Calderon Sanchez's lack of serious criminal history and potential eligibility for asylum or other special statuses do not retroactively make his illegal entry lawful. Because Calderon Sanchez is an illegal entrant, the Government must detain him under 8 U.S.C. § 1225 regardless of whether he has past criminal convictions or pending asylum applications. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 505–06. Accordingly, Calderon Sanchez must bring his APA claim in a separate, non-habeas proceeding. *See Carson*, 112 F.3d at 820–21; *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

### C. Equal Protection

Calderon Sanchez also argues that 8 U.S.C. § 1225's mandatory-detention scheme violates equal protection. This argument fails on the merits. According to Calderon Sanchez, section 1225 arbitrarily discriminates against illegal-entrant aliens by mandating detention for them, but not for aliens who enter the United States legally and stay longer than permitted. *See* [Dkt. 1]. However, not all discrimination violates equal protection—only discrimination between "similarly situated" persons. *See Hines v. Quillivan*, 982 F.3d 266, 272 (5th Cir. 2020). Aliens who enter the United States without

inspection are not similarly situated to aliens who enter the country legally but unlawfully remain in the country past a certain date. Aliens seeking entry visas must undergo rigorous screening and may be denied permission to enter if deemed a security risk. *See, e.g.,* 8 U.S.C. § 1202(b) (requiring visa applicants to submit police records and jail records along with their applications). Of course, aliens who illegally enter the United States undergo no such vetting process. Accordingly, requiring pre-removal detention for illegal entrants, but not aliens who remain in the United States after their entry documents expire, does not violate equal protection. *See Hines*, 982 F.3d at 272.

### D. Suspension Clause

Calderon Sanchez further argues that the Government has violated the Suspension Clause, found in Article I of the United States Constitution. As its name and text suggest, the Suspension Clause does not come into play unless the writ of habeas corpus is somehow "suspended." *See* U.S. Const. art. I, § 9, cl. 2; *U.S. v. MacCollom*, 426 U.S. 317, 322 (1976). Only Congress, or the President with Congress's authorization, may suspend the writ. *See Ex parte Bollman*, 8 U.S. 75, 101 (1807) ("If at any time the public safety should require the suspension of the [writ], it is for the legislature to say so."); *Ex parte Milligan*, 71 U.S. 2, 16 (1866). Here, neither Congress nor the President has suspended the writ. Section 1225 does not preclude habeas review of pre-removal detention, and no executive action has purported to do so. *See* 8 U.S.C. § 1225. Accordingly, no suspension-clause violation has occurred.

4

## IV. CONCLUSION

It is therefore **ORDERED** that Calderon Sanchez's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 7th day of April, 2026.**


Michael J. Truncale
United States District Judge